**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :
                                           :     17 Cr. 431 (RMB)
            - against -                    :
                                           :     **<u>DECISION & ORDER</u>**
AUNDRAY WHITE,                             :
                                           :
                        Defendant.         :
-----------------------------------------------------------------x

Having reviewed the record herein, including without limitation: (1) Defense counsel James Kousouros's motion for compassionate release, dated June 3, 2020, requesting that the Court reduce defendant Aundray White's 130-month sentence to time served and modify the conditions of his supervised release to include "an additional period of home incarceration equal to the amount of time remaining in his prison sentence." <u>See</u> <u>Mot.</u> at 1. Defense counsel seeks this reduction in White's sentence pursuant to the "compassionate release" provisions in 18 U.S.C. § 3582 and contends that the risk posed by the COVID-19 pandemic to White, a 54-year-old male with hypertension, constitutes "extraordinary and compelling" circumstances. <u>Id.</u>; (2) the Government's response, dated June 17, 2020, opposing White's release contending: (i) there are no "extraordinary and compelling" circumstances warranting White's release to home confinement; (ii) White poses a danger to the community; and (iii) home confinement for the remainder of White's sentence would not be supported by the §3553(a) sentencing factors. <u>See</u> <u>Opp.</u> at 4-9; and (3) Defense counsel's reply, dated June 22, 2020, **the Court hereby denies White's motion for a compassionate release, as follows**:

## I. Background

On April 23, 2018, White pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine in violation of Title 21 U.S.C. 846, 841(b)(1)(A). See Opp. at 1-2. On December 17, 2018, the Court sentenced White to 130 months imprisonment to be followed by 5 years of supervised release. See Dec. 17, 2018 Judgment. White is incarcerated at FCI Fort Dix, a low-security facility in New Jersey with an adjacent minimum-security camp. See Mot. at 1-2. He has served less than 36 months of his 130-month sentence and is not scheduled for release until October 6, 2026. See Mot. at 1; Opp. at 2. On May 3, 2020, White "transmitted a written request to the Warden of FCI Fort Dix . . . requesting that the BOP file a motion for a sentence reduction on his behalf, which is still pending." See Opp. at 3.

## II. Legal Standard

18 U.S.C. § 3582(c)(1)(A) provides in part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

United States Sentencing Commission policy statement U.S.S.G. § 1B1.13 provides that a court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant the reduction," "the defendant is not a danger to the safety of any other person or to the community . . .," and "the reduction is consistent with this policy statement." Application Note 1 states in part that extraordinary and compelling reasons may exist if: (1) "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the

2

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

### III. Findings

The Court's findings are as follows:

1. Over thirty (30) days have lapsed since White, who is 54 years of age, submitted his application for compassionate release to the Warden of FCI Fort Dix. See Mot. at 3; Opp. at 3. Accordingly, the Court may consider White's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See U.S. v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).

2. The BOP's medical report, dated June 15, 2020, establishes that White's hypertension is "well controlled" and that the "majority of his readings are within normal and acceptable levels for [the] past year." See Opp. Ex. B at 4. White does not dispute this account, nor does he contend that he is not receiving adequate medical treatment at FCI Fort Dix. See Opp. at 5-6.

3. FCI Fort Dix appears to be responding to the pandemic and "is not a facility that has seen a massive outbreak of COVID-19." *See U.S. v. Garcia*, 2020 WL 2468091, at *5 (S.D.N.Y. May 13, 2020); Opp. at 6-8; *U.S. v. Chappell*, 2020 WL 3415229, at *3 (S.D.N.Y. June 22, 2020) ("FCI Fort Dix has made [] efforts to contain the spread of the virus, including implementing screening procedures, inmate temperature and symptom checks, the distribution and mandatory use of masks, and extensive cleaning and disinfecting measures . . . The record also demonstrates that [defendant] is regularly receiving appropriate medical care"); *see also U.S v. Hilliard*, 2020 WL 3182778, at *2 (S.D.N.Y. June 15, 2020) (where

the court was persuaded "that FCI Fort Dix has taken substantial measures to respond to the COVID-19 threat at its facility, which have in fact mitigated its spread, and has the means to competently care for its inmate population"). As of June 28, 2020, it appears that 43 of the nearly 2,800 inmates at FCI Fort Dix have tested positive for COVID-19; none of the inmates where White is housed have tested positive since May 6, 2020. See Opp. at 8; https://www.bop.gov/coronavirus/.

4. The fact that "hypertension has been associated with an increased risk of complications from COVID-19 . . . is not enough to warrant compassionate release" where the defendant "appears to be managing his hypertension while incarcerated," "the record does not suggest that he suffered any complications from hypertension," and "the possibility of []infection is speculative." *See U.S. v. Decker*, 2020 WL 3268706, at *2 (S.D.N.Y. June 17, 2020).

Even if White had established "extraordinary and compelling" circumstances warranting his release to home confinement (which he has not), the Court likely would still deny his motion because White poses a danger to the community. See U.S.S.G. § 1B1.13. Among other reasons: (1) White's "charges related to [his] role as a leader and organizer in a drug trafficking organization [] that distributed kilogram quantities of cocaine and heroin in the New York City metropolitan area between in or around 2012 and in or around July 2017." See Opp. at 1-2; and (2) according to the Government, White's "criminal history – including a conviction for Criminal Sale of a Controlled Substance in the Second Degree in January 2000 when [he] was 32 years old – [] reflects that [he] has spent most of his adult life participating in drug trafficking." Id. at 4.

In sum, "the Court cannot find that [White] is not a danger to the safety of any other person or to the community . . . [because] the underlying conduct that led to [his] incarceration gravely endangered the community and reflects an individual who is accustomed to

4

distributing controlled and highly addictive substances in his community." *See U.S. v. Batista*, 2020 WL 3249233, at *3 (S.D.N.Y. June 16, 2020) (quotations omitted); *Garcia*, 2020 WL 2468091, at *5-6.

As the Court explained at White's sentencing hearing held on December 17, 2018: "[T]his sentence is appropriate particularly given the seriousness of the offense. By that I mean the distribution of cocaine and heroin to the community. Related thereto [the sentence] is needed to promote respect for the law, and I think it does provide a just punishment. I hope that it affords adequate deterrence to Mr. White going forward. I am certain . . . it protects the public from further crimes at least during the period of incarceration." See Dec. 17, 2018 Sentencing Tr. at 20:3-15. "[T]he sentence reduction now sought by the defendant . . . would fail to satisfy any of the purposes of sentencing." *See Garcia*, 2020 WL 2468091, at *6; *see also Batista*, 2020 WL 3249233, at *4.

## IV. Conclusion & Order

Defendant White's motion for compassionate release [Dck. # 105] is respectfully denied.

Dated: New York, New York
June 29, 2020

*Richard M. Berman*
_____
**RICHARD M. BERMAN, U.S.D.J.**