UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :
                                         :            17 Cr. 431 (RMB)
                        - against -      :
                                         :            **DECISION & ORDER**
AUNDRAY WHITE,                           :
                                         :
                        Defendant.       :
------------------------------------------------------------x

Having reviewed the record herein, including without limitation: **(1)** the Indictment, dated July 10, 2017 [Dkt. No. 1]; **(2)** the December 17, 2018 Judgment in a Criminal Case [Dkt. No. 87]; **(3)** the Consent Preliminary Order of Forfeiture/Money Judgment, entered January 7, 2019 [Dkt. No. 88]; **(4)** the Preliminary Order of Forfeiture as to Substitute Assets, entered October 8, 2020 [Dkt. No. 120]; **(5)** Defendant Aundray White's December 4, 2020 pro se motion to vacate the January 7, 2019 and October 8, 2020 Orders of Forfeiture [Dkt. No. 122]; **(6)** the Government's opposition, dated December 23, 2020 ("Opp."), and exhibits [Dkt. No. 124]; **(7)** Defendant's reply, dated December 28, 2020 ("Def. Reply") [Dkt. No. 126]; **(8)** the Government's motion for entry of a Final Order of Forfeiture, dated June 1, 2021 ("Gov't Mot."), and exhibit [Dkt. No. 145]; and **(9)** Defendant's "objection" to the Government's motion, application for appointment of counsel, and motion for a stay pending appeal, dated June 2, 2021 ("Def. Obj.") [Dkt. No. 147], **the Court respectfully grants the Government's motion for entry of a Final Order of Forfeiture, and denies Defendant's motions to vacate and for a stay and denies the application for appointment of counsel.**[1]

I.  Background

On July 10, 2017, a grand jury returned a one-count indictment against Defendant and a co-defendant for conspiracy to distribute and possess with intent to distribute controlled substances (heroin and cocaine), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Indictment ¶¶ 1–3. The Indictment contained a forfeiture provision covering "any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense." Id. ¶ 4. The Indictment also includes a so-called "Substitute

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision and Order have been considered by the Court and rejected.**

Assets Provision," which states that the Government may "seek forfeiture of any other property of the defendants up to the value of the above forfeitable property." Id. ¶ 5. At Defendant's arraignment on July 17, 2017, before Magistrate Judge Andrew J. Peck, Defendant's counsel, Gregory S. Watts, confirmed (in Defendant's presence) that he had received and reviewed with Defendant the Indictment:

> THE COURT: And you've retained Mr. Watts to represent you, correct?
>
> MR. WHITE: Yes, sir.
>
> THE COURT: All right. Mr. Watts, have you received the copy of the Indictment?
>
> MR. WATTS: Yes, I have, Your Honor.
>
> THE COURT: Have you reviewed it with Mr. White?
>
> MR. WATTS: Yes, I have.

July 17, 2017 Tr. at 4:18–25 [Dkt. No. 16].

Defendant signed a plea agreement, dated April 16, 2018, in which he admitted the forfeiture allegations in the Indictment. Opp. Ex. A at 1–2. And, on April 23, 2018, Defendant allocuted to his guilt before Magistrate Judge Stewart D. Aaron, during which he admitted the forfeiture allegations in the Indictment:

> THE COURT: Do you understand that it is part of your plea agreement to admit the forfeiture allegations with respect to the indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, you have agreed to forfeit any and all property constituting or derived from the proceeds you obtained directly or indirectly as a result of the offense charged in the indictment and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense charged in the indictment. Do you understand that?
>
> THE DEFENDANT: Yes.

Apr. 23, 2018 Tr. at 6:11–14 [Dkt. No. 66]. There was no additional allocution regarding substitute assets. The Court accepted Defendant's plea allocution on May 7, 2018. See May 7, 2018 Order [Dkt. No. 64].

On December 17, 2018, the Court imposed a sentence of 130 months of incarceration, the sentencing guidelines range being 151 to 188 months of incarceration. Dec. 17, 2018 Tr. at 22:4–12.

At sentencing, the Government stated that it was seeking forfeiture and the defense requested two additional weeks for the parties "to be able to work out a proposed consent order of forfeiture." Id. at 21:15–20. The Court included in the Judgment the following language: "Consent Order of Forfeiture to be submitted by the parties on or before 12/31/18." Judgment at 7. On December 31, 2018, the parties submitted a Consent Preliminary Order of Forfeiture/Money Judgment ("Forfeiture Order"), which was signed by Defendant, defense counsel, and the Government. See Opp. Ex. B. (December 31, 2018 email attaching the executed Forfeiture Order). The Forfeiture Order states that Defendant "admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the defendant personally obtained cannot be located upon the exercise of due diligence" and Defendant "consents to the entry of a money judgment in the amount of $1,000,000.00." Forfeiture Order at 2. The Forfeiture Order which was agreed to by Defendant also states: "**Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment**." Id. ¶ 5 (emphasis added). The Forfeiture Order was entered on January 7, 2019.

On September 29, 2020, the Government filed a motion seeking a Preliminary Order of Forfeiture as to Substitute Assets ("Substitute Assets Order"). Sept. 29, 2020 Gov't Mot [Dkt. No. 118]. The Government stated that a money judgment against the Defendant in the amount of $1,000,000.00 had been imposed, and "[t]o date the entire Money Judgment against the Defendant remains unpaid." Id. ¶¶ 3–4. The Government also stated that it has not located "any assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence." Id. ¶ 5. The Government submitted a supporting declaration by Deputy United States Marshal John Calabria, dated September 29, 2020, stating that he had conducted an investigation into Defendant's assets, including "asset searches utilizing the CLEAR law enforcement database." Calabria Decl. ¶ 7 [Dkt. No. 119]. Calabria stated that "the only asset of the Defendant's that [he has] been able to locate is the Substitute Asset," i.e., "[a]ny and all funds on deposit in Inmate Prison Trust Fund Account No. 76026-054 held in the name of the Defendant and maintained by the Bureau of Prisons." Id. ¶¶ 2(a), 8. As of September 1, 2020, Defendant's inmate trust account contained a balance of $10,310.01. Id. ¶ 9.

On October 8, 2020, the Court entered the Substitute Assets Order, directing that "[a]ll of Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America." Substitute Assets Order ¶ 1. No opposition to the Government's September 29, 2020 motion or to the October 8, 2020 Substitute Assets Order was filed by counsel. In fact, Defendant's attorney of record—who has not filed a notice of withdrawal in this case—was served with notice of the September 29, 2020 motion via ECF, and he appears to have discussed the Substitute Assets Order with the Government after the Order was entered. See Opp. at 6 ("**approximately two and a half weeks after the order was entered, [Defendant's] counsel contacted the Government to discuss the order and gave no indication that he was no longer still representing the defendant**") (emphasis added); see also S.D.N.Y. Local Crim. R. 1.2 (an "attorney may not withdraw except upon prior order of the Court").

On December 4, 2020, Defendant filed a pro se motion to vacate both the Forfeiture Order and the Substitute Assets Order. Defendant contends unpersuasively that **(1)** although the Court "indicate[d] that it would enter a forfeiture order pursuant to a 'consent' forfeiture order agreed upon by the parties, and submitted by December 31, 2018, . . . no such consent order was submitted by the deadline"; **(2)** "[s]ince the forfeiture order was not [] imposed at the time of sentencing, the Court lacked jurisdiction to enter the January 7, 2019 and October 8, 2020 forfeiture orders"; **(3)** "the Magistrate Judge made no mention of the specific property (or value) that was subject to forfeiture" and "made no mention of the forfeiture of substitute assets"; and **(4)** "the failure to place Defendant on notice at the time of his plea, or to afford him an opportunity to be heard regarding the seizure and forfeiture of funds in his commissary account that he would receive from family/friends, deprived Defendant of his substantive and procedural Due Process rights, in violation of the United States Constitution." Def. Mot. at 2–5.

On December 23, 2020, the Government filed an opposition to Defendant's motion, attaching as an exhibit a December 31, 2018 email from the Government to the Court which stated that "**the parties were able to reach agreement on an order of forfeiture, which is being submitted on consent**." Opp. Ex. B. (emphasis added). As noted, the Forfeiture Order authorized the Government to seek substitute assets and is signed by Defendant, defense counsel, and the Government. Id. The Government also contends, among other

4

things, that **(1)** Defendant's December 4, 2020 motion is time-barred; **(2)** Defendant "specifically admitted in the Plea Agreement [dated April 16, 2018] to those forfeiture allegations" in the Indictment, which included a Substitute Assets Provision; **(3)** "forfeiture does not have [to] be determined in advance of sentencing if doing so is impractical" or where, as here, Defendant "had requested an additional two weeks after the date of the sentencing to negotiate and reach agreement in a consent forfeiture order"; and **(4)** Defendant, in signing the Forfeiture Order, "**specifically consented to the Government being able to seek substitute assets to satisfy the judgment**." Opp. at 4–5 (emphasis added).

Defendant submitted a reply on December 28, 2020, which largely restated his earlier arguments. See Def. Reply.

On June 1, 2021, the Government filed a motion seeking entry of a Final Order of Forfeiture pursuant to 18 U.S.C. § 853. Gov't Mot. at 1. The Government also filed a declaration in support of its motion, stating that "Notice of Forfeiture and the intent of the Government to dispose of the Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on November 20, 2020 for thirty (30) consecutive days, through December 19, 2020," and "no petitions or claims to contest the forfeiture of the Substitute Asset have been filed." Decl. in Support of Final Order of Forfeiture ¶¶ 3–4 [Dkt. No. 146].

On June 2, 2021, Defendant filed an "objection" to the Government's motion and also requested appointment of counsel. Def. Obj. at 1–2. Defendant also stated that, "[s]hould the Court grant the Government's June 1, 2021 *ex parte* and impermissible request – inasmuch as Defendant is not represented by counsel, the Court should construe [Defendant's] letter as a notice of appeal and stay the execution of any final order entered." Id. at 2.

**II.   Legal Standard**

"Attorneys representing defendants in criminal cases shall file a notice of appearance. Once a notice of appearance has been filed, the attorney may not withdraw except upon prior order of the Court." S.D.N.Y. Local Crim. R. 1.2. "[T]here is no sixth amendment right to appointed counsel in a substitute asset case." United States v. Saccoccia, 564 F.3d 502, 505 (1st Cir. 2009).

The Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include "substitute property that qualifies for forfeiture." Fed. R. Crim. P. 32.2(e). "'Any other property of the defendant' may potentially be forfeited as substitute assets," United States v. Weitzman, 963 F. Supp. 2d 218, 221 (S.D.N.Y. 2013) (quoting 21 U.S.C. § 853(p)), including inmate trust accounts, United States v. Kimball, 2015 WL 13376921, at *2 (M.D. Tenn. July 16, 2015), report and recommendation adopted, 2015 WL 13376753 (M.D. Tenn. Oct. 13, 2015), aff'd United States v. Kimball, 680 F. App'x 435, 440 (6th Cir. 2017). "[T]here is nothing in 21 U.S.C. § 853(p) that would exempt assets in a prison account from forfeiture as substitute assets." Id. "Whether an asset is linked to a defendant's illegal activity is not relevant to determining whether 21 U.S.C. § 853(p) permits its forfeiture as a substitute asset." Weitzman at 221.

"The court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the Defendant's actions or omissions, the Government is unable to locate or obtain the specific proceeds of the defendant's offenses." United States v. Christie, 249 F. Supp. 3d 739, 742 (S.D.N.Y. 2017).

### III. Analysis

**Defendant Waived His Challenge to the Forfeiture Order**

A "substitute asset proceeding is simply a means of collecting on the original forfeiture judgment," and "such a proceeding does not increase the quantum of punishment imposed on a defendant." Saccoccia at 505. "[N]o right to appointed counsel exists under the sixth amendment." Id. Moreover, in this case, the Defendant, who was represented by privately retained counsel, **(i)** admitted in his plea agreement, dated April 16, 2018, to the forfeiture allegations in the Indictment, and **(ii)** on December 30, 2018, signed an agreed-upon Forfeiture Order stating that the Government "is authorized to seek forfeiture of substitute assets of the defendant." Forfeiture Order ¶ 5.

Defendant waived any challenge to the January 7, 2019 Forfeiture Order by explicitly agreeing (consenting) to its contents. Forfeiture Order at 2. Among other things, he signed the Forfeiture Order, as did his counsel. Id. at 5. A "criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." United States v. Noyes, 557 F. App'x 125, 127 (3d Cir. 2014) (cleaned up).

Defendant did not file any direct appeal and did not file his motion to vacate the Forfeiture Order until nearly two years after its entry, i.e. on December 4, 2020. See Fed. R. Crim. P. 32.2(b)(4)(C); Fed. R. App. P. 4(b).

Moreover, Defendant had notice of and opportunity to be heard as to forfeiture before sentencing. The Indictment included forfeiture allegations, including a Substitute Assets Provision, and Defendant specifically admitted to the forfeiture allegations in his April 16, 2018 plea agreement. See Indictment ¶¶ 4–5; Opp. Ex. A at 2–3. At sentencing, the Government discussed forfeiture and informed the Court that Defendant had requested two weeks from the date of the sentencing hearing for the parties "to be able to work out a proposed consent order of forfeiture." Dec. 17, 2018 Tr. 21:15–20. And, in fact, the parties "were able to reach agreement on an order of forfeiture" in the amount of $1,000,000.00. See Opp. Ex. B. The parties agreed that the Government could "seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment." Forfeiture Order ¶ 5.

The Court clearly had jurisdiction to enter the Forfeiture Order on January 7, 2019. Federal Rule of Criminal Procedure 32.2(b) "permits a district court to withhold judgment on the amount of forfeiture owed by a defendant" until after sentencing. Papas at 90. Here, Defendant was aware of the forfeiture provisions of the Indictment and sought a two-week extension after sentencing to submit a "consent order of forfeiture." Dec. 17, 2018 Tr. 21:15–20. The post-sentencing submission of the Forfeiture Order on December 31, 2018, was an accommodation to Defendant. Id. at 21:21–25. The Forfeiture Order was signed by Defendant and his counsel and was submitted to the Court in accordance with the terms of the Judgment. See Judgment at 7; Opp. Ex. B.

**Defendant's Inmate Trust Account Is Subject to Forfeiture**

Defendant had clear notice that substitute assets were subject to forfeiture. See, e.g., Indictment ¶ 5; Forfeiture Order ¶ 5. The Substitute Assets Provision of the Indictment stated that the Government could "seek forfeiture of **any other property** of the defendants" to satisfy Defendant's forfeiture obligation. Indictment ¶ 5 (emphasis added).

Courts have held consistently that inmate trust accounts are subject to forfeiture as substitute assets as "there is nothing in 21 U.S.C. § 853(p) that would exempt assets in a prison account from forfeiture as

substitute assets." Kimball, 2015 WL 13376921, at *2. "[B]ecause the funds in Defendant's prison account are his property and because 'any other property of the defendant' is subject to forfeiture as substitute assets, Defendant's inmate account funds are subject to forfeiture." Id.; see also, e.g., United States v. Johnson, 677 F. App'x 912, 915 (5th Cir. 2017) (affirming "district court's grant of the Government's motion for the forfeiture of $3,001.99 from [the defendant's] inmate trust account as a substitute asset"); United States v. Napoli, 661 F. App'x 221, 222–23 (3d Cir. 2016) ("inmate trust account could be seized as 'substitute property'"); United States v. Adams, 2015 WL 4864943, at *1 (N.D. Okla. July 28, 2015) (inherited funds that were deposited into an inmate trust account were subject to forfeiture as a substitute asset); United States v. Barr, 2015 WL 13554991, at *2 (M.D.N.C. May 12, 2015) ("this court must now 'order the forfeiture of any other property of the defendant,' including the assets within his inmate trust account").

The Government has submitted a declaration by Deputy United States Marshal John Calabria, dated September 29, 2020, describing the Government's due diligence in locating any assets belonging to Defendant. See Calabria Decl. ¶ 7. The Government has shown that specific proceeds traceable to the offense "cannot be located upon the exercise of due diligence." 21 U.S.C. § 853(p); see also Christie at 745. Such proceeds could not be located "as a result of acts and/or omissions of the defendant." Forfeiture Order at 2.

**There Is No Basis to Stay the Final Order of Forfeiture**

The Government has also submitted declarations in support of the Final Order of Forfeiture showing that **(1)** it published a notice of forfeiture and intent to dispose of Defendant's Inmate Prison Trust Fund Account No. 76026-054, Decl. of Publication at 1 [Dkt. No. 144], and **(2)** no third-party petitions or claims contesting the forfeiture of the Substitute Asset were filed, Decl. in Support of Final Order of Forfeiture ¶ 4 [Dkt. No. 146]. "If there are no petitions filed or a petition is denied, a final order will be entered forfeiting the substitute property to the United States." Christie at 743. The Court declines to stay the Final Order of Forfeiture because Defendant has not shown any merit or likelihood of success on any appeal. See United States v. Davis, 2009 WL 2475340, at *2 (D. Conn. June 15, 2009).

## IV. Conclusion & Order

For the reasons stated above, Defendant's motions to vacate and for a stay, and his application for counsel [Dkt. Nos. 122, 147], are respectfully denied. The Government's motion for entry of the Final Order of Forfeiture [Dkt. No. 145] is granted effective immediately.

Dated: New York, New York
July 19, 2021

_____
**RICHARD M. BERMAN, U.S.D.J.**